This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Glen Allen Unrue has appealed the decision of Summit County Court of Common Pleas that designated him a sexual predator pursuant to R.C. 2950.09 and sentenced him to a maximum term of ten years imprisonment for the crime of rape. This Court affirms.
 I {¶ 2} On May 14, 2001, Appellant was indicted by the Summit County Grand Jury on three counts: rape, a violation of R.C. 2907.02(A)(1)(b); burglary, a violation of R.C. 2911.12(A)(2); and corrupting another with drugs, a violation of R.C. 2925.02(A)(4)(a). Appellant pleaded not guilty to all charges. The state later amended the rape count by deleting all reference to force or threat of force. Appellant then retracted his plea of not guilty and pleaded guilty to the rape count as amended, and the remaining counts were dismissed upon recommendation by the state. On September 7, 2001, after a sexual predator hearing, the trial court adjudicated Appellant a sexual predator. The trial court then sentenced Appellant to the maximum term of ten years for the crime of rape.
 {¶ 3} Prior to filing a direct appeal with this Court, Appellant filed a petition for post-conviction relief. He claimed that he was denied the effective assistance of counsel in violation of the Sixth Amendment and was prejudiced when the trial court failed to appoint an attorney to file a timely notice of appeal. Appellant's motion was granted. Appellant has now appealed the adjudication and his sentence, asserting two assignments of error.
 II Assignment of Error Number One {¶ 4} "THE TRIAL COURT VIOLATED [R.C. 2950.09(B)(3)] AND [APPELLANT] WAS PREJUDICED WHEN THE COURT FOUND [APPELLANT] TO BE A SEXUAL PREDATOR EVEN THOUGH THE STATE FAILED TO SHOW BY CLEAR AND CONVINCING EVIDENCE THAT [APPELLANT] WAS LIKELY TO ENGAGE IN FUTURE SEXUALLY ORIENTED OFFENSES."
 {¶ 5} In Appellant's first assignment of error, he has argued that his classification as a sexual predator was not supported by clear and convincing evidence. We disagree.
 Standard of Review {¶ 6} The appropriate standard of review to be applied in sexual predator adjudications is the clearly erroneous standard. That is, a sexual predator adjudication will not be reversed if there is "some competent, credible evidence" to support the trial court's determination. See State v. Groves, 7th Dist. No. 853, 2002-Ohio-5245, at ¶ 41 ("We will not reverse a trial court's determination that an offender is a sexual predator if some competent credible evidence supports it. This deferential standard of review applies even though the state must prove that the offender is a sexual predator by clear and convincing evidence."(Citations omitted.)); State v. Gibson, 4th Dist. No. 01CA19, 2002-Ohio-5232, ¶ 9.
 {¶ 7} The clearly erroneous standard is appropriate in light of the two-part analysis that the trial court must conduct in reaching a determination that a defendant is a sexual predator. The two-part analysis is compelled by R.C. 2950.01(E), which defines a "sexual predator" as a person who "has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." According to R.C.2950.01(E), the initial inquiry in adjudicating a defendant a sexual predator is whether the defendant has been convicted of or pleaded guilty to a sexually oriented offense. This is a question of law. The next inquiry is whether the defendant is likely to reoffend; this is a question of fact. The trial court must be presented with evidence that clearly and convincingly proves both prongs. See 2950.09(B)(3).[1]
 {¶ 8} Although the determination of whether a defendant is a sexual predator involves mixed questions of fact and law, an appellate court, in most cases, need only address the trial court's factual determinations; that is, an appellate court must address the issue of whether the defendant is likely to commit another sexually oriented offense. The Ohio Supreme Court has stated that when factual conclusions of a trial court are challenged, "the trial court is entitled to the same presumption of correctness that is accorded regarding other factual findings. An appellate court should not substitute its judgment for that of the trial court where some competent, credible evidence supports the trial court's factual findings."[2] Wisintainer v. Elcen Power StrutCo. (1993), 67 Ohio St.3d 352, 354; see, also, State ex rel. BSW Dev.Group v. Dayton (1998), 83 Ohio St.3d 338, 344, certiorari denied (1999), 526 U.S. 1067, 119 S.Ct. 1460, 143 L.Ed.2d 546 ("Reviewing courts defer to a lower court's factual determination if it is supported by competent, credible evidence.")
 {¶ 9} Moreover, in Spinetti v. Spinetti (Mar. 14, 2001), 9th Dist. No. 20113 this Court further explained that "[the clearly erroneous standard of review] is highly deferential and even `some' evidence is sufficient to sustain the judgment and prevent reversal. * * * Thus, this Court is guided by a presumption that the findings of a trial court are correct, since the trial court is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use those observations in weighing the credibility of the proffered testimony."[3]
(Citations and quotations omitted.) Spinetti, at 7-8; see, also, Statev. Thomas (Aug. 4, 1999), 9th Dist. No. 98CA007058, at 4.
 {¶ 10} In sum, when applying the clearly erroneous standard of review to sexual predator adjudications, this Court must determine whether there exists some competent, credible evidence in the record that would clearly and convincingly support a conclusion that a defendant is likely to commit another sexual offense.
 The Classification {¶ 11} As previously discussed, R.C. 2950.01 et seq. governs the classification of a defendant as a sexual predator. In order to be classified a sexual predator (1) a person must be convicted of a sexually oriented offense and (2) the state must prove by clear and convincing evidence that the defendant is likely to be a repeat sexual offender. R.C. 2950.01(E) and R.C. 2950.09(B)(3). Appellant does not contend that he was not convicted of a sexually oriented offense. Rather, he contends that "the record does not support a finding of the likelihood of recidivism." Thus, Appellant contends that there was not clear and convincing evidence that he was likely to reoffend.
 {¶ 12} In determining whether an offender is likely to commit another sexually oriented offense, R.C. 2950.09(B)(2) requires the trial court to consider all relevant factors including, but not limited, to:
 {¶ 13} "(a) The offender's age;
 {¶ 14} "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 15} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 {¶ 16} "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 {¶ 17} "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 18} "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 {¶ 19} "(g) Any mental illness or mental disability of the offender;
 {¶ 20} "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 21} "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 {¶ 22} "(j) Any additional behavioral characteristics that contribute to the offender's conduct."
 {¶ 23} In the instant case, Appellant has contended that the trial court erred by adjudicating him a sexual predator. He bases this argument on the fact that (1) he "had not previously engaged in aggressive sexual behavior, typical of a predator"; (2) there was no previous record of any sexual offenses; (3) the presentence investigation report indicated that he was not a pedophile; and (4) he did not inflict injury upon the victim. After reviewing the record, however, we find that there was some competent credible evidence to support the trial court's determination that Appellant will likely commit another sexually oriented offense in the future.
 {¶ 24} During the sexual predator hearing, the trial court discussed the factors listed in R.C. 2950.09(B)(2) and the evidence from which it concluded that Appellant was likely to commit one or more sexually oriented offenses. The trial court noted the age of the victim, see R.C. 2950.09(B)(2)(c), and the age of Appellant at the time of the rape, see R.C. 2950.09(B)(2)(a). The victim was only twelve years old when the then twenty-five-year-old Appellant took advantage of her. Notwithstanding Appellant's assertion that "[the victim] was not a young child, but a young woman of 12," the record is clear. Appellant was a grown man and the victim was a minor child. The fact that Appellant took advantage of a child is an appropriate factor to be considered in determining whether Appellant is likely to commit another sexually oriented offense.
 {¶ 25} The trial court also looked at the fact that Appellant used alcohol and drugs to subdue the victim. See R.C. 2950.09(B)(2)(e). During the sexual predator hearing, Detective Mychal Brown testified that the victim told him that before Appellant sexually assaulted her "[she and Appellant] went back to [Appellant's] home and stated that she was forced to smoke marijuana or crack." The trial court found that the use of drugs was "one of the main factors the Court would consider in determining that [Appellant] was a sexual predator." Appellant has argued, however, that "the use of drugs or alcohol was not an established fact" and implies that any evidence relating to drug usage should not be a factor in determining whether Appellant is likely to reoffend. Appellant's challenge goes only to credibility and weight of the evidence. However, determinations of credibility and weight of the testimony remain within the province of the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus. As such, we reject Appellant's implication that the trial court should not have relied on the detective's testimony regarding drug use; such testimony was not inherently unreliable because it was merely hearsay. Moreover, it is well settled that the rules of evidence do not strictly apply to sexual predator hearings and that reliable hearsay is admissible in sexual predator hearings. See State v. Cook (1998), 83 Ohio St.3d 404, 425, certiorari denied (1999), 525 U.S. 1182, 119 S.Ct. 1122,143 L.Ed.2d 116. Furthermore, Appellant did not object to nor otherwise challenge the truthfulness of any evidence offered regarding Appellant's use of drugs.
 {¶ 26} Another factor the court applied in its analysis was Appellant's prior record. See R.C. 2950.09(B)(2)(b). Appellant had been previously arrested for aggravated assault, an offense of violence, and theft. Although his prior record does not include any previous sexual offenses, the trial court appropriately considered Appellant's past criminal behavior as an important predictor of recidivism, i.e., the likelihood that Appellant will commit another offense in the future. SeeState v. Taylor, 9th Dist. No. 21022, 2002-Ohio-5044, at ¶ 36; see, also State v. Askew, 4th Dist. No. 00CA2749, 2001-Ohio-2490, at 7.
 {¶ 47} Additionally, the court noted that because Appellant was a friend of the victim's father, he was in a position of trust. Appellant's misuse of this trust was another factor the trial court considered in classifying Appellant a sexual predator. See R.C. 2950.09(B)(2)(j).
 {¶ 48} The trial court was not required to list all of the factors contained in R.C. 2950.09(B)(2). State v. Eppinger (2001),91 Ohio St.3d 158, 166. It is only obligated to consider all relevant factors and discuss those factors on the record. Id. Thus, we reject Appellant's argument that "[t]he record must reflect that all factors were considered in determining to adjudicate one a sexual predator." (Emphasis sic.) Consequently, we are satisfied that the adjudication of Appellant as a sexual predator was supported by some competent, credible evidence. Therefore, we find that Appellant's first assignment of error is without merit.
 Assignment of Error Number Two {¶ 49} "THE TRIAL COURT VIOLATED OHIO REVISED CODE 2929.14(B)(C) [SIC] AND 2953.08(A)(1)(A) WHEN IT IMPOSED THE MAXIMUM SENTENCE."
 {¶ 50} In Appellant's second assignment of error, he has argued that the trial court violated R.C. 2929.14(B)-(C) and R.C. 2953.08(A)(1)(a) when it sentenced him to a definite term of ten years imprisonment, the maximum sentence for the crime of rape. Specifically, he has contended that his sentence was unduly harsh and excessive. We disagree.
 {¶ 51} Appellant has raised two arguments for this Court's review: (1) the sentence was in violation of R.C. 2929.14(B) because the trial court failed to set forth its findings in sentencing him to more than the minimum; and (2) the sentence was in violation of R.C. 2929.14(C) because the trial court failed to set forth both the findings and reasons.
 More than the minimum {¶ 52} The trial court is required to comply with R.C. 2929.14(B) when imposing a sentence longer than the minimum. R.C. 2929.14(B) states:
 {¶ 53} "[I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to [2929.14(A)], unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 54} The Ohio Supreme Court has interpreted R.C. 2929.14(B) to mean that "unless a court imposes the shortest term authorized on a felony offender who has never served a prison term, the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence." State v. Edmonson (1999),86 Ohio St.3d 324, 326. The trial court is not required to give reasons for its findings. Id.
 {¶ 55} In the instant case, the trial court properly stated its findings pursuant to R.C. 2929.14(B). Prior to sentencing Appellant to ten years imprisonment, the trial court stated:
 {¶ 56} "The Court at this time, first of all, finds that I'll not be giving you the shortest term because I believe to do so * * * would demean the seriousness of the offense and not adequately protect the public[.]"
 {¶ 57} Accordingly, we find that the trial court complied with R.C. 2929.14(B) when it sentenced Appellant to more than the minimum sentence and this portion of Appellant's second assignment of error is not well taken.
 Maximum sentence {¶ 58} The trial court sentenced Appellant to the maximum term of ten years for the crime of rape. When a trial court imposes a maximum sentence, it must make findings of fact pursuant to R.C. 2929.14(C)[4]
and state its reasons pursuant to R.C. 2929.19(B)(2)(d)[5]. Edmonson,86 Ohio St.3d, at 328; see, also State v. Newman, 9th Dist. No. 20981, 2002-Ohio-4250, at ¶ 8. Further, this Court has previously held that the findings need not be in the transcript of the sentencing hearing if they are in the journal entry. See State v. Riggs (Oct. 11, 2000), 9th Dist. No. 19846, at 3-4.
 {¶ 59} Once the trial court has stated its findings and reasons for imposing a maximum sentence as required by R.C. 2929.14(C) and R.C.2929.19(B)(2)(d), this Court's appellate review is controlled by R.C.2953.08(G)(2), which states in pertinent part:
 {¶ 60} "The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds * * *:
 {¶ 61} "(b) that the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(b); see, also, State v. Manges, 9th Dist. No. 01CA007850, 2002-Ohio-3193, at ¶ 13.
 {¶ 62} Thus, if this Court clearly and convincingly finds that the sentence imposed by the trial court is contrary to law, we can modify the sentence, or vacate the sentence, and remand the matter to the trial court for resentencing. State v. Jones (2001), 93 Ohio St.3d 391, 399.
 {¶ 63} In the instant case, the trial court stated both its findings and reasons for imposing the maximum sentence. During the sentencing hearing, the trial court stated:
 {¶ 64} "The Court in this case is giving you the maximum amount of time because I believe it is the worst form of the offense. The greatest factors in the Court making that decision are that you used drugs and alcohol with a 12-year old, and the fact that you continue to indicate that it was her fault, that she's the one that got you to have sex with her, and that you did not take full responsibility for this.
 {¶ 65} "I believe, based on her age, based on your age, the position of trust, all — for all of those reasons, that it is the worst form of the offense. I'm sentencing you to ten years in prison."
 {¶ 66} In the case sub judice, the trial court was presented with evidence that would allow it to conclude that Appellant had committed the worst form of the offense, pursuant to R.C. 2929.14(C). Furthermore, the trial court also stated the reasons why it believed that Appellant had committed the worst form of the offense and it explained why Appellant should spend the maximum amount of time in prison, all in accordance with R.C. 2929.19(B)(2)(d). Consequently, on the record before this Court we cannot clearly and convincingly find that Appellant's sentence was contrary to law. As such, Appellant's second assignment of error lacks merit.
 III {¶ 67} Appellant's assignments of error are overruled. The decision of the trial court is affirmed.
SLABY, P.J., CARR, J. CONCUR.
[1] Prior to January 1, 2002, R.C. 2950.09(B)(3) provided: "After reviewing all testimony and evidence presented at the hearing * * * the judge shall determine by clear and convincing evidence whether the offender is a sexual predator." This provision can now be found in R.C.2950.09(B)(4), effective January 1, 2002. Statutory references throughout this opinion are to those provisions in effect at the time of Appellant's sentencing.
[2] The Wisintainer court held that an appellate court should not reverse a factual findings of a trial court if there exists "some competent, credible evidence" in support of those findings. TheWisintainer court did not refer to the "some competent, credible evidence" standard of review as the clearly erroneous standard. However, this Court employs such language in the clearly erroneous standard of review. See City of Norton v. Cochran, 9th Dist. No. 20640, 2002-Ohio-750, at ¶ 35.
[3] Although this Court did not refer to the standard of review applied in Spinetti as the "clearly erroneous standard of review," that is the standard of review we applied.
[4] R.C. 2929.14(C) provides:
 "[T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to [R.C. 2929.14(A)] only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders, * * * and upon certain repeat violent offenders[.]"
[5] R.C. 2929.19(B)(2) provides:
 "The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
"* * *
 "(d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense by [R.C. 2929.14(A)], its reasons for imposing the maximum prison term[.]"